```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

Michael Connarn,                :
        Petitioner,             :
                                :
   v.                           :    File No. 2:06-CV-14
                                :
State of Vermont,               :
        Respondent.             :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1, 9 and 15)

Petitioner Michael Connarn, proceeding *pro se*, seeks to challenge his 1978 state court conviction for felony possession of a regulated drug.  Connarn initiated this proceeding as a petition filed pursuant to 28 U.S.C. § 2254.  (Paper 1).[1]  However, after receiving the State's motion to dismiss (Paper 9), Connarn had conceded that because he is no longer in state custody, he cannot proceed under § 2254.  Nonetheless, Connarn has moved the Court to recharacterize his petition as either a motion pursuant to Fed. R. Civ. P. 60(b), or a petition for a writ of coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651.  Because Connarn may not challenge his 1978 conviction under either Rule 60(b) or the All Writs

---

[1]  Connarn filed his petition through counsel, but because neither of the attorneys representing him had been either admitted to this Court or allowed to proceed *pro hace vice*, he has filed all subsequent papers *pro se*.

Act, I recommend that the State's motion to dismiss be GRANTED, the motion to recharacterize be DENIED, and Connarn's petition be DISMISSED.

## Factual Background

In January, 1977, Connarn allegedly sold one-half ounce of phencyclidine ("PCP") to an undercover police officer.  In Decemeber, 1978, he was convicted in state court of felony possession of PCP, and was subsequently sentenced to 18 months to five years in prison.  Connarn appealed his conviction, and the Vermont Supreme Court affirmed in a decision dated April 8, 1980.

On January 5, 1983, Connarn was released on parole. His parole expired on March 30, 1984.  Four years later, on July 15, 1988, he was arrested on federal drug charges and was ultimately convicted.  His federal sentence was enhanced because of his prior state court conviction.[2]

On December 12, 1989, Connarn filed a petition in state court for "Review of Governmental Action."  The petition sought to have the 1978 conviction vacated, alleging discovery violations, a conspiracy to conceal

---

[2]  Connarn states that he is "not asking this Court to reduce his sentence.  He is only arguing an unconstitutional conviction not deserved."  (Paper 14 at 2).

2

evidence, and perjury by State witnesses.  The petition was viewed by the state court as being a petition for post-conviction relief.  On April 14, 1993, the court dismissed the petition.  Connarn did not appeal.

On June 23, 1997, Connarn filed a second petition for post-conviction relief in state court.  In this petition, he alleged that he had not knowingly and intelligently waived his right to testify at his 1978 trial.  The lower court dismissed the petition, and Connarn appealed.  The Vermont Supreme Court affirmed the dismissal on November 15, 1999, and modified its opinion on January 26, 2000.

On July 21, 2003, Connarn filed a third petition for post-conviction relief in state court, again claiming discovery violations and perjury.  The court granted summary judgment in favor of the State, holding that the discovery issue had already been ruled upon by the Vermont Supreme Court, and that the alleged perjury was immaterial to Connarn's conviction.  On January 12, 2005, the Vermont Supreme Court affirmed.

Connarn filed his § 2254 petition in this Court on January 17, 2006.  The petition seeks to "test the

legality of his state conviction . . . ," arguing violations of his due process rights and newly discovered evidence. (Paper 1 at 1). As noted above, Connarn now concedes that he is not entitled to relief under 28 U.S.C. § 2254. Therefore, the question before the Court is whether it should grant Connarn's motion requesting recharacterization of his petition. Connarn asks the Court to construe his filing (Paper 1) as either a motion submitted under Fed. R. Civ. P. 60(b), or as a petition for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651.

I.   Recharacterization to Rule 60(b) Motion

Rule 60(b) is a rule of civil procedure that may provide relief from a civil judgment or order. Fed. R. Civ. P. 60(b). Jurisdiction under Rule 60(b) lies in the court that issued the original ruling. See, e.g., S.E.C. v. Gellas, 1 F. Supp. 2d 333, 335 (S.D.N.Y. 1998), aff'd, 182 F.3d 901 (2d Cir. 1999). Consequently, a Rule 60(b) motion filed in federal court is "an inappropriate procedural mechanism for challenging a state court judgment." Kevilly v. State of New York, 2006 WL 522427, at *1 (E.D.N.Y. March 2, 2006).

In the habeas corpus context, a Rule 60(b) motion may be used to challenge the integrity of a federal court's habeas proceeding.  See Harris v. United States, 357 F. Supp. 2d 524, 527 (N.D.N.Y. 2005).  However, it may not be used to challenge the state court conviction that was the subject of that federal proceeding.  Id.  As the Second Circuit has explained, "[a] motion under Rule 60(b) and a petition for habeas have different objectives.  The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction . . . [while] the motion under Rule 60(b) . . . seeks only to vacate the federal court judgment dismissing the habeas petition."  Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001).  "If a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § [2254] petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 [the 'AEDPA']."  Harris, 357 F. Supp. 2d at 527.

Here, there is no prior federal proceeding, and thus no basis for a Rule 60(b) motion.  Moreover, Connarn is clearly challenging the integrity of state court

5

judgments.  As he states in his supporting memorandum, the goal of his filing is to "attack the integrity of the States courts' findings and the manner in which they were reached, or as in this case not reached."  (Paper 15 at 5).  In light of Connarn's direct attack on state court proceedings, and absent a prior federal judgment, a Rule 60(b) motion would be inappropriate.  Accordingly, his motion requesting recharacterization of his § 2254 petition as a motion under Rule 60(b) should be DENIED.

II. <u>Recharacterization to Petition Under All Writs Act</u>

In the alternative, Connarn asks the Court to construe his petition as a petition for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651. Relying on <u>United States v. Morgan</u>, 346 U.S. 502 (1954), Connarn argues that a writ of error coram nobis is available as an "'extraordinary remedy'" that may be used in "'circumstances compelling such action to achieve justice.'" (Paper 14 at 10, quoting <u>Morgan</u>, 346 U.S. at 511).  The State argues that when the challenged action is a state court conviction, the writ must be pursued in state court.

The Second Circuit has held that a district court

has no jurisdiction to grant a writ of error coram nobis with respect to a state court judgment. <u>Finkelstein v. Spitzer</u>, 455 F.3d 131, 133-34 (2006). In <u>Finkelstein</u>, the circuit court reasoned that the writ of error coram nobis was historically limited to errors within the jurisdiction of the federal courts, and that codification of the writ in the All Writs Act, 28 U.S.C. § 1651, did not "'confer jurisdiction on the federal courts'" to set aside judgments of state courts. <u>Id.</u> at 134 (quoting <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 33 (2002)). Consequently, recharacterization of Connarn's petition under § 1651 would be futile, and his request for a recharacterization should be DENIED.

Conclusion

For the reasons set forth above, I recommend that the State's motion to dismiss (Paper 9) be GRANTED, the motion to recharacterize (Paper 15) be DENIED, and that Connarn's petition (Paper 1) be DISMISSED.

Dated at Burlington, in the District of Vermont, this 26th day of September, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).